Scott F. Garrett (8687)
**DURHAM JONES & PINEGAR, P.C.**
192 East 200 North, Third Floor
St. George, Utah 84770
Telephone: (435) 674-0400
Facsimile: (453) 628-1610
sgarrett@djplaw.com

*Attorneys for Defendant Alexandria Wright*

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDRIA WRIGHT,<br><br>Defendant. | **DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Case No. 4:24-CR-00086<br>District Judge: Ann Marie McIff Allen |

This Sentencing Memorandum is submitted on behalf of Defendant Alexandria Wright. Ms. Wright entered a plea of guilty on June 17, 2025 to one count of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e). Pursuant to a written plea agreement and Rule 11(c)(1)(C), the Parties agree that a specific sentence (300 months) is the appropriate disposition in this case. Such a recommendation or request binds the Court once the Court accepts the plea agreement. Ms. Wright respectfully asks this Court to follow this recommendation as agreed upon by the Parties. Such a sentence would best effectuate the sentencing goals of 18 U.S.C. § 3553(a) and thus is the appropriate sentence in this case.

1

PRELIMINARY STATEMENT

In evaluating how Ms. Wright should be sentenced for her role in this case, the Court must use its discretion to impose a sentence that is "sufficient, but not greater than necessary" to achieve the objectives of criminal sentencing.  In so doing, the Court must consider all of the factors set forth in 18 U.S.C. § 3553, including the nature and circumstances of the offense and the defendant's history and characteristics.  Although the United States Sentencing Guidelines ("Guidelines") are to be considered, they cannot be substituted for this Court's independent determination of an appropriate sentence, including consideration of all of the § 3553 factors. *See Nelson v. United States*, 555 U.S. 350, 352 (2009) ("Our cases do not allow a sentencing court presume that a sentence within the applicable Guidelines range is reasonable . . . .The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable) (emphasis in original and citations omitted); *see also Spears v. United States*, 555 U.S. 261, 263-64 (2009).  As *Nelson* and *Spears* emphasize, the Guidelines are purely advisory, and Courts should impose the least amount of imprisonment necessary to accomplish the objectives set forth in § 3553.

## I.    Factors to be Considered in Imposing a Sentence

The governing standard requires the Court to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).  The Supreme Court has made clear that the Guidelines are advisory, not mandatory, and that courts must conduct an individualized assessment under the § 3553(a) factors without any presumption that a Guideline sentence is reasonable.  Consistent with § 3553(a), the sentence must be the least

severe sanction that achieves the statutory goals. While the advisory United States Sentencing Guidelines provide an initial framework, they do not supplant the Court's obligation to independently assess the statutory factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the needs for punishment and deterrence, protection of the public, avoidance of unwarranted disparities, and provision of effective treatment.

### A. Nature and Circumstances of the Offense

Ms. Wright pleaded guilty to production of child pornography in violation of 18 U.S.C. § 2251(a), a serious offense with a statutory range of 15 to 30 years. The offense conduct is grave and deeply troubling, involving sexual exploitation of a very young child, recording of sexually explicit conduct, distribution to a co-offender, and abuse in the context of a custodial relationship. The PSR's description of the videos establishes sexual contact, repeated grooming, and direction of the victim's conduct. The Government's investigation further indicates Ms. Wright filmed and transmitted images and later participated in abusive conduct recorded by her co-offender. At the same time, the record contains evidence relevant to culpability and rehabilitation. Ms. Wright consistently expressed remorse and regret for her actions and their impact on the victim and her family. She reported coercive threats by her co-offender and connections to trauma responses, although the psychosexual evaluation appropriately cautions that some behaviors observed on video are not fully consistent with reluctant participation alone. The Court need not resolve every discrepancy to recognize that Ms. Wright's offense arose in a matrix of untreated psychiatric illness, trauma, and external pressure—factors that, while not excusing the conduct, inform a tailored sentence that prioritizes accountability, public safety, and

treatment.  These circumstances also bear on specific deterrence and rehabilitation, as they identify dynamic risks that are amenable to treatment.

**B.**    **History and Characteristics of Ms. Wright**

The Presentence Investigation Report and the comprehensive psychosexual evaluation document a profound history of childhood trauma, psychiatric disorders, and longstanding mental health instability that materially bear on sentencing.   Ms. Wright's early life was marked by repeated sexual abuse and coercion beginning at age five, perpetrated by a cousin at the direction of her biological father and continuing into adolescence with other perpetrators.  She reported observing severe physical abuse of her younger sister, living in constant fear, and experiencing recurrent nightmares and flashbacks.   Her parents divorced when she was sixteen, and although she disclosed the abuse, no charges ensued.  This early trauma is corroborated by collateral sources and reflected in an Adverse Childhood Experiences score of four, with associated risk for depression, PTSD, suicidality, and substance misuse. Clinically, Ms. Wright has long-standing diagnoses of posttraumatic stress disorder, recurrent major depressive disorder, and generalized anxiety disorder.   She has multiple suicide attempts and hospitalizations, including overdoses and a ligature attempt, and persistent symptoms of demoralization, nightmares, panic episodes, and persecutory ideation—exacerbated by incarceration and the expectation of a lengthy prison term.    She has been prescribed antidepressants and adjunctive antipsychotic medication, with past benefit from Prazosin to reduce nightmares, though her current regimen in custody is incomplete.  The psychosexual evaluation underscores that her untreated psychiatric conditions likely impaired cognitive functioning and decision-making at the time of the offense.  Ms. Wright also reports severe narcolepsy with a variable sleep schedule

and chronic pain, factors that compound her psychiatric symptoms and functioning in custody. On psychometric testing (MMPI-3), Ms. Wright endorsed significant depression, anxiety, trauma-related symptoms, demoralization, low self-worth, and persecutory ideation, alongside problematic impulsivity and anger reactivity—all consistent with the clinical picture documented in the PSR. The evaluator recommended restoration of previously effective medications (including Prazosin and an adjunctive antipsychotic), a psychiatric evaluation to optimize treatment, and ongoing monitoring of suicidality. Notwithstanding these concerns, the evaluation identifies salient protective factors: genuine remorse for the harm inflicted, absence of antisocial attitudes or an extensive criminal record, and no prior child abuse offenses. Importantly, the examiner concludes Ms. Wright is in a category of low sexual recidivism risk and is an appropriate candidate for structured sex-offense-specific and mental health treatment. The PSR similarly reflects acceptance of responsibility and cooperation with the investigation by timely pleading guilty, warranting the three-level reduction under the Guidelines. Taken together, Ms. Wright's history and characteristics demonstrate a complex combination of significant trauma-related pathology, genuine remorse, acceptance of responsibility, and low predicted sexual recidivism when appropriately treated. These features support a sentence that couples substantial accountability with intensive, evidence-informed treatment during custody and supervision.

### C.    Need for the Sentence Imposed to Promote Certain Statutory Objectives

A sentence of 300 months' imprisonment and lifetime supervised release satisfies the § 3553(a) objectives. First, it reflects the seriousness of the offense, promotes respect for the law, and provides just punishment commensurate with the grave harm inflicted. Second, it affords

adequate general deterrence in a category of offenses where strong custodial sentences are widely recognized to have deterrent value.  Third, it protects the public from further crimes by incapacitating Ms. Wright for a significant period and by imposing long-term supervision with targeted restrictions and treatment.

Fourth, it provides Ms. Wright with needed correctional treatment in the most effective manner.  The psychosexual evaluation recommends structured outpatient sex offender treatment, psychiatric evaluation for medication optimization, and ongoing therapeutic monitoring for suicidality.  The PSR's proposed special conditions likewise integrate sex-offense-specific programming, periodic polygraph maintenance, mental health treatment, and technology monitoring, which are essential to mitigating dynamic risk factors—including distorted thinking, trauma-triggered responses, poor impulse control, and the use of sex to regulate emotions.  Given the evaluation's conclusion that Ms. Wright's sexual recidivism risk is low when appropriately treated, the combination of a substantial custodial term and comprehensive, clinically grounded supervision will best promote rehabilitation while ensuring public safety.

In sum, the agreed-upon sentence is sufficient, but not greater than necessary, to achieve the statutory purposes of sentencing in this case.  It appropriately accounts for the gravity of the offense, the individualized mitigating and risk factors documented in the PSR and psychosexual evaluation, and the need for robust, long-term supervision and treatment.

## CONCLUSION

For the foregoing reasons, Ms. Wright respectfully requests that the Court impose a sentence of three hundred months incarceration.

DATED: January 20th, 2026.

**DURHAM JONES & PINEGAR, P.C.**

/s/ Scott F. Garrett

SCOTT F. GARRETT
*Attorneys for Defendant*

STG_921960.1
SG_1172813.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of January 2026, I served a signed copy of the foregoing by submitting the same for electronic filing:

/s/ Kristen Ivory                 

STG_921960.1
SG_1172813.1